SHIPLEY, ROANE & CO. v. R. E. GOODWIN.

STAYOR. An order for the stay of execution on two judgments against T. C. W. & Co., and P and T and W, does not authorize the justice to enter the stay upon a judgment against T. C. W. & Co., although at the time another suit was pending before him against T. C. W. & Co. and P and T and W, judgment on which was not rendered until after date of order to stay.

FROM JOHNSON.

Appeal in error from the Circuit Court of Johnson county. NEWTON HACKER, J.

C. J. ST. JOHN and C. R. VANCE for Shipley, Roane & Co.

JOHN P. SMITH and H. M. FOLSOM for Goodwin.

DEADERICK, C. J., delivered the opinion of the court.

Judgment was rendered by the judge of the circuit court of Johnson county in favor of defendant, a jury being waived and a new trial being refused, plaintiffs have appealed in error to this court. The Referees, in a majority report, have recommended a reversal of the judgment and defendant has excepted to the report.

Suit was brought on a promissory note by plaintiff against T. C. White & Co., said White and J. S. Laws constituting the firm, and judgment was rendered against them December 2, 1882, for $271.07. On December 4, 1882, T. C. White presented J. F. Grind-

staff, the justice of the peace of Johnson county who rendered the judgment, the following order:

"BUTLER, JOHNSON COUNTY, Dec. 4, 1882.

Mr. Grindstaff—Mark me as stayor on them (2) judgments that you rendered against T. C. White & Co., and J. F. Perkins and E. C. Taylor and Wester, last Saturday.　　　　　R. E. GOODWIN."

Upon this order the justice entered the name of Goodwin as stayor of the judgment he had rendered on Saturday, December 2, 1882, against said T. C. White and J. S. Laws, partners under the firm name and style of T. C. White & Co.

At the time of the rendition of this judgment there was another suit pending before said magistrate, of D. C. Wester, for use of the Bank of Bristol against T. C. White & Co., and J. F. Perkins, E. C. Taylor and Wester, but "no judgment was rendered in that case until December 5, 1883," (perhaps 1882.) After the expiration of the time of stay of judgment, execution was issued on the first named judgment and was levied on the land of Goodwin, who filed his petition for writs of *certiorari* and *supersedeas*, and upon return of the writs, upon his motion, the execution was quashed.

The petitioner denies that he stayed or intended to stay any judgment in favor of plaintiffs against White & Co.; but that he did intend, by his order, to stay an execution in favor of the Bank of Bristol against White & Co., and Perkins, Taylor and Wester, as specified in the order.

In the case of *Gwinn* v. *Harrell*, 12 Lea, 738, Judge Cooper has reviewed most of our cases in which the sufficiency of the order to stay, has been

discussed, and holds that if the case is otherwise identified with reasonable certainty, and the description of it correct as far as it goes, the omission of the given names of the plaintiffs is immaterial. The case cited is one in which the suit is brought against two defendants and the judgment was rendered against one only, and the order was to enter the stayor's name in the case of *Harrell* v. *Brannock*. This was held no misdescription as the *case* or *suit* was brought against the two. But it is added, "if the order had described the] *judgment* to be stayed as being against both, it would have been insufficient." This would have been a misdescription of the judgment. Where the description is correct as far as it goes, and reasonably identifies the judgment, it may be aided by extrinsic evidence. But in this case the judgments as described, are against White & Co., and others named in the order, and the judgment defendant is made to stay, is against White & Co. only, and is not the judgment described in the order. There may have been very satisfactory reasons why defendant would be willing to stay a judgment against White & Co. and Perkins, Taylor and Wester, and unwilling to stay one or more against White & Co. only.

Report of Referees will be set aside and judgment below will be affirmed.